17-3317-pr
*Jackson v. Conway*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19ᵗʰ day of March, two thousand nineteen.

PRESENT:   RICHARD C. WESLEY,
           DENNY CHIN,
           RICHARD J. SULLIVAN,
                   *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

JOSEPH JACKSON,
            *Plaintiff-Appellant*,

            v.                                                  17-3317-pr

CHRISTOPHER MONIN, Correction Officer
ERIC WAGNER, Correction Officer,
            *Defendants-Appellees*,

JAMES T. CONWAY, Superintendent,
MARK BRADT, Superintendent, D. O'CONNELL,
Sergeant, KACZMAREK, Lieutenant,
D. SEKUTERSKI, Correction Officer,
J. KOZAKIEWIEZ, Correction Officer, PAM

KOROZKO, Civilian, M. JANES, Inmate
Grievance Program Supervisor, K. BELLAMY,
Inmate Grievance Program Director,
A. PRACK, Special Housing Unit Director
W. MURRAY, Lieutenant, W. M. GONZALEZ,
Deputy Counsel,

      *Defendants*.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:     Joseph Jackson, *pro se*, Malone, New York.

FOR DEFENDANTS-APPELLEES:    Andrea Oser, Deputy Solicitor General, Patrick A. Woods, Assistant Solicitor General, *for* Letitia James, Attorney General of the State of New York, Albany, New York.

Appeal from a judgment of the United States District Court for the Western District of New York (Vilardo, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Joseph Jackson, proceeding *pro se*, sued correction officers and prison officials under 42 U.S.C. § 1983, alleging injuries sustained while he was incarcerated at Attica Correctional Facility. Most of Jackson's claims were dismissed on motion, and a single retaliation claim against two correction officers proceeded to trial, at which Jackson was represented by counsel. Jackson alleged that

---

\*    The Clerk of Court is directed to amend the official caption to conform to the above.

the two officers, Christopher Monin and Eric Wagner, violated his civil rights by threatening and assaulting him in retaliation for having filed grievances against Sergeant Daniel O'Connell. Following a two-day bench trial, the district court credited the defendants' version of the facts and found in their favor. On appeal, Jackson argues that the district court erred by crediting the defendants' testimony over his own. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's findings of fact after a bench trial for clear error. *See Principal Nat'l Life Ins. Co. v. Coassin*, 884 F.3d 130, 134 (2d Cir. 2018). To prove a First Amendment retaliation claim under § 1983, a prisoner must show that the speech or conduct at issue was protected, the defendant took adverse action against him, and there existed a causal connection between the protected speech and the adverse action. *See Espinal v. Goord*, 558 F.3d 119, 128 (2d Cir. 2009). Here, it is undisputed that Jackson engaged in protected conduct. *See* Dkt. No. 107, at 107-08; *see also Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995) (noting that retaliation by prison officials against prisoners who redress grievances is prohibited). The parties sharply disputed, however, whether defendants took adverse action against Jackson and whether there was a causal connection between the protected activity and any adverse action. While Jackson asserted that the defendants slapped him, threatened him, and ripped his paperwork in retaliation for his complaints against O'Connell, defendants

3

denied doing so.   In addition, defendants denied any knowledge of Jackson's complaints against O'Connell, and they testified that therefore they could not have retaliated against Jackson based on his protected activity.   The district court considered the parties' evidence and credited defendants' testimony.   It did not clearly err in doing so.

On appeal, we may not second guess the trial court's credibility assessments.   *See Principal Nat'l Life Ins. Co.*, 884 F.3d at 138.   Given the conflicting narratives presented at trial, Jackson's retaliation claim turned largely on the relative credibility of the parties.   The record contains more than adequate evidence to support the district court's determinations.   *See Krist v. Kolombos Rest. Inc.*, 688 F.3d 89, 95 (2d Cir. 2012) ("It is within the province of the district court as the trier of fact to decide whose testimony should be credited.").   Thus, the district court did not err in finding that Jackson had failed to meet his burden of proving retaliation by a preponderance of the evidence.

We have considered all of Jackson's remaining arguments and find them to be without merit.   For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court